IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M. G.,                                    )
                                          )
                                          )        3:26-CV-00763-MJH
            Petitioner,                   )
                                          )
      vs.                                 )
                                          )
LEONARD ODDO, BRIAN MCSHANE,              )
TODD LYONS, MARKWAYNE MULLIN,             )
TODD BLANCHE,                             )

            Respondents,

## **ORDER**

Petitioner is an immigration detainee who, at the initiation of this matter, was held at

Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. On April 26, 2026,

Petitioner submitted a Petition for Writ of Habeas Corpus requesting Petitioner's immediate

release from detention, or in the alternative, a second bond hearing. Previously, on January 19,

2026, Petitioner filed a Petition for Writ of Habeas Corpus in the Middle District of Georgia at

case number 4:26-cv-00098.[1] Within that Petition, Petitioner asserted that Respondents

improperly detained him under 8 U.S.C. § 1225(b)(2), and he requested a bond hearing pursuant

to 8 U.S.C. § 1226(a). On January 27, 2026, Judge Clay Land of the Middle District of Georgia

conditionally granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents

to provide Petitioner a bond hearing. On January 30, 2026, Immigration Judge Bianca H. Brown

conducted the bond hearing and denied Petitioner bond. On February 17, 2026, Petitioner filed a

---

[1] Any references to the docket or proceedings within the Middle District of Georgia can be found at case number 4:26-cv-00098 of that district.

1

Motion to Enforce Judgment in the Middle District of Georgia, arguing that the January 30, 2026 bond hearing was constitutionally deficient, and seeking immediate release or a second bond hearing. On or about April 24, 2026, Petitioner was transferred to Moshannon Valley Processing Center ("MVPC"). On April 26, 2026, Petitioner filed the present Habeas Petition before this Court, (ECF No. 1), wherein he challenges the constitutionality of his January 30, 2026 bond hearing, asserting the same arguments for relief as he sought in his Motion to Enforce that had been filed and was pending in the Middle District of Georgia. On April 28, 2026, this Court directed Petitioner to show cause why this issue should not be transferred back to the Middle District of Georgia. On May 5, 2026, Petitioner filed a brief, addressing the Court's concerns and indicating that he had since withdrawn his Motion to Enforce in the Middle District of Georgia. (ECF No. 8); (ECF No. 10). On May 12, 2026, Respondents filed their responsive brief. (ECF No. 11).

In Petitioner's present Habeas Petition, he argues that the Immigration Judge, who presided over his January 30, 2026 bond hearing, "improperly placed the burden on Petitioner, relied on categorical assumptions rather than actual evidence of flight risk, and failed to provide the constitutionally adequate process required for continued civil immigration detention." (ECF No. 1, ¶ 9).

## I.       Jurisdiction

The Court must first address the jurisdictional question of whether the present Habeas Petition is properly brought before this Court. After review of the relevant briefs, because the petitioner was physically present in this jurisdiction at the time of filing, this Court does in fact have jurisdiction over this present Habeas Petition. As indicated by the Third Circuit in *Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026), a district court's habeas jurisdiction

involves two important principles: (1) the district-of-confinement rule and (2) the immediate-custodian requirement. Relevant to this case, is the district-of-confinement rule.

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973). So "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). In *Khalil,* the Third Circuit looked to where Mr. Khalil was detained at the time his habeas petition was filed, and since he was detained in New Jersey when his petition was filed, the "only district where it could have properly been brought…was the District of New Jersey." *Khalil*, 164 F.4th at 269. In the present case, Petitioner was transferred to MVPC on April 24, 2026, and he filed the present Habeas Petition on April 26, 2026. Petitioner asserts that the present Habeas Petition is a newly-filed petition, including new claims challenging the constitutional adequacy of the January 30, 2026 bond hearing issued by the Middle District of Georgia. As such, Petitioner was physically detained and present within this district on the date he filed the present Habeas Petition; and thus, the present petition is rightfully before this Court.

## II.    Exhaustion

The next question that the Court must address is whether Petitioner has properly exhausted his administrative remedies. Respondents argue that Petitioner had not properly exhausted his administrative remedies before he filed the present Habeas Petition, because his petition challenges the discretionary decision made by the Immigration Judge following Petitioner's bond hearing in Georgia. (ECF No. 11, at 4). As such, the proper adjudicative body to address his bond hearing challenge is the Board of Immigration Appeals. (*Id.*). Petitioner argues that he does not seek an ordinary review of the bond determination; rather, he asserts that he is challenging

the constitutionality of the procedures used at the January 30, 2026, bond hearing such that exhaustion is not required. (ECF No. 1, at 17).

"While section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition." *Morgan v. Oddo*, 2025 WL 2653707, at *2 (W.D. Pa. 2025) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). Exhaustion in this context is prudential and may be excused in certain circumstances. Prudential exhaustion is appropriate within the context of habeas relief, because it:

> acknowledges the deference which should be afforded agency decisions and fosters important institutional goals, including: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996) (explaining the rationale for exhaustion for habeas petitions in the context of prison disciplinary proceedings). These very important purposes are frequently furthered by requiring aliens who receive a bond hearing before the immigration judge to exhaust their administrative remedies and raise any issues with the BIA prior to seeking federal habeas corpus relief. Accordingly, courts have applied these exhaustion requirements to aliens who challenge their detention with immigration authorities. *See Okonkwo v. I.N.S.*, 69 F. App'x. 57,59 (3d Cir. 2003) (affirming denial of unexhausted immigration habeas petition).

*Chajchic v. Rowley*, 2017 WL 4401895, at *3 (M.D. Pa. July 25, 2017), *report and recommendation adopted* at 2017 WL 4387062 (M.D. Pa. October 3, 2017). Courts in this district have bypassed the prudential exhaustion requirement in response to a Motion to Enforce filed with the habeas district court, challenging the constitutionality of a bond hearing that had been held pursuant to the district court's own conditional grant of habeas relief. *See* cf. *Niangane v. Noem*, No. 3:25-CV-00488, 2026 WL 916344, at *2 (W.D. Pa. Feb. 11, 2026) (Haines, J.); *Morgan v. Oddo*, No. 3:24-CV-221, 2025 WL 2653707, at *2

(W.D. Pa. Sept. 16, 2025) (Kelly, M.J.). However, importantly, those same courts have acknowledged that any newly-filed habeas petition to challenge the determinations of an Immigration Judge's decision to deny bond would be subject to the exhaustion requirement. *See id.* Here, Petitioner filed the present Habeas Petition, which challenges the constitutionality of the January 30, 2026 bond hearing that was ordered by the Middle District of Georgia and which had been held and decided by an Immigration Judge in the Middle District of Georgia. We hereby hold that before this Court will address any presently requested habeas relief, the Petitioner must exhaust all administrative remedies as regards the Middle District of Georgia habeas proceedings. Therefore, Petitioner's present Habeas Petition will be denied without prejudice, until the proper administrative remedies are fully exhausted.

### III.   Conclusion

For the reasons set forth herein, Petitioner's Habeas Petition will be denied, without prejudice, for failure to exhaust administrative remedies.

AND NOW, this 9th of June 2026, IT IS HERREBY ORDERED, ADJUDED and DECREED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), is DENIED. The Clerk of Court shall mark this case as closed.

BY THE COURT:

Marilyn J Horan

5